1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN P. SCHOWACHERT,<br><br>            Plaintiff,<br><br>   v.<br><br>POLLEY,<br><br>            Defendant. | Case No.  1:22-cv-01249-BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION AS DUPLICATIVE (ECF No. 1)<br><br>**FOURTEEN (14) DAY DEADLINE** |

Plaintiff John P. Schowachert ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  This action was initiated on September 30, 2022.  (ECF No. 1.)

## I.    Screening Requirement and Standard

The Court screens complaints brought by persons proceeding *pro se* and *in forma pauperis*. 28 U.S.C. § 1915(e)(2).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(ii).

## II.   Plaintiff's Allegations

Plaintiff is currently housed at the California Substance Abuse Treatment Facility ("CSATF") in Corcoran, California.  The events in the complaint are alleged to have occurred

1

1    while Plaintiff was housed at the Tuolumne County Jail.  Plaintiff names as the sole defendant

2    Bill Polley, Jail Commander at the Tuolumne County Jail.

3           Plaintiff's allegations, lightly edited for clarity, are as follows:

4           Blunt force trauma to Plaintiff's head caused a severe closed head traumatic brain injury,

5    requiring an invasive brain surgery.  This made Plaintiff so mentally impaired he is now a Title 2

6    ADA participant in the prison's Colman DDP2 Program, causing his wife to leave him, with no

7    more time for a "retard" in a wheelchair who will never walk again, talk right again, or be able to

8    wrap arms around her again.  Plaintiff also lost the ability to ever drive or own a car due to drop

9    seizures left over from massive scarring on Plaintiff's brain from his brain surgery.  Plaintiff also

10   lost the ability to ever enjoy recreational bow hunting due to physical disabilities.  Plaintiff has

11   suffered complete loss of life, family name, etc., and life as it was known, due to Bill Polley's

12   employees' 9th Amendment violation, which was an attempted murder on Plaintiff's life, leaving

13   him a Title 2 ADA, DDP2 Colman participant for life.  Plaintiff is in major need of appointed

14   counsel.

15          Plaintiff further alleges that unspecified co-defendants helped cover up the attempted

16   murder by marking no bodily injuries when the EMT helicopter was able to note the severe

17   "hemitop" 2 ½ cm from ruptured brain vessel.  This all amounts to premeditated attempted

18   murder on Plaintiff's life.

19          Plaintiff seeks damages of ten million dollars for loss of life, wife, home, kids, ability to

20   ever hold a driver's license due to drop seizures, and body disabilities.

21   **III.    Duplicative Action**

22          **A.    *Schowachert v. Polley*, Case No. 1:21-cv-01107-HBK**

23          On June 16, 2021, Plaintiff filed *Schowachert v. Polley*, Case No. 2:21-cv-01064-JDP in

24   the Sacramento Division of the Eastern District of California.  That action was transferred to the

25   Fresno Division on July 22, 2021, and was assigned Case No. 1:21-cv-01107-HBK

26   ("*Schowachert I*").[1]  In *Schowachert I*, Plaintiff names as defendants: (1) Bill Polley, Jail

27   _____

28   [1] The Court takes judicial notice of the files in that case.  Fed. R. Evid. 201.

1   Commander Sheriff's Coroner at Tuolumne County Jail Sheriff's Department; and (2) all officers

2   on duty January 13, 2017.  The complaint has not yet been screened.  In *Schowachert I*, Plaintiff's

3   allegations, lightly edited for clarity, are as follows:

4     On January 13, 2017, all officers on duty conspired to murder Plaintiff, causing a closed

5   head traumatic brain injury that caused Plaintiff to lose: the ability to ever drive a car, house,

6   wife, and kids.  The last time Plaintiff saw his wife she was slamming him into his sister's car

7   with his head bouncing off it, saying she didn't get into the marriage to take care of a "retard in a

8   wheelchair" who will never walk, talk, or be able to wrap his arms around her right ever again.

9   His son said he no longer likes to be around due to Plaintiff not being able to take him fishing,

10   hunting, or hiking ever again, or drive him around due to massive scarring on Plaintiff's brain

11   from his brain surgery.  This causes Plaintiff to have drop seizures where he never had a seizure

12   in his life.

13     Plaintiff further alleges that Bill Polley violated his rights due to hiring bad cops and not

14   disciplining them for attempted murder.  Plaintiff attached an exhibit related to his med brain

15   surgery numbers from CRMC hospital in Fresno, California.  Plaintiff alleges that the brain

16   surgeon's findings will be his first line of evidence.  Then an expert witness will go into the

17   pattern of bruising on Plaintiff's brain so severe that he was found incompetent to stand trial, and

18   it took five years for the bruising to heal.  Plaintiff was bruised clear to the center of his brain.

19     Plaintiff seeks damages of ten million dollars due to complete loss of life, wife, kids,

20   home, truck, job, etc.  Plaintiff is never allowed to own a driver's license due to drop seizures

21   caused by massive scarring on his brain.  Plaintiff was given a half million dollar hospital bill.

22   Plaintiff also seeks prosecution of all officers on duty.

23     **B.**  **Legal Standard**

24     Duplicative lawsuits filed by a plaintiff proceeding *in forma pauperis* are subject to

25   dismissal as either frivolous or malicious under 28 U.S.C. § 1915(e).  *See, e.g.*, *Cato v. United*

26   *States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995); *McWilliams v. State of Colo.*, 121 F.3d 573, 574

27   (10th Cir. 1997); *Pittman v. Moore*, 980 F.2d 994, 994–95 (5th Cir. 1993); *Bailey v. Johnson*, 846

28   F.2d 1019, 1021 (5th Cir. 1988).  A complaint that merely repeats pending or previously litigated

claims may be considered abusive and dismissed under § 1915.  *Cato*, 70 F.3d at 1105 n.2; *Bailey*, 846 F.2d at 1021.  "Dismissal of the duplicative lawsuit, more so than the issuance of a stay or the enjoinment of proceedings, promotes judicial economy and the comprehensive disposition of litigation."  *Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 692–93 (9th Cir. 2007), *overruled on other grounds by Taylor v. Sturgell*, 553 U.S. 880, 904 (2008).

"[I]n assessing whether the second action is duplicative of the first, we examine whether the causes of action and relief sought, as well as the parties or privies to the action, are the same."  *Adams*, 487 F.3d at 689 (citations omitted).  "Plaintiffs generally have no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant."  *Id.* at 688 (internal quotations and citations omitted).  That plaintiff was denied leave to amend does not give plaintiff the right to file a second, duplicative lawsuit.  If the causes of action and relief sought are the same and involve the same parties or their privies, the duplicative lawsuit may be dismissed with prejudice.  *Adams*, 487 F.3d at 688.

C.      Discussion

A review of the complaint in the instant action and the complaint filed in *Schowachert I* reveals that they raise the same claims.  In both cases, Plaintiff raises claims against Bill Polley related to a brain injury suffered at the hands of officers hired or supervised by Bill Polley while Plaintiff was housed at the Tuolumne County Jail.  Both cases appear to arise out of the same events, involve the same parties, and seek the same relief.  To the extent the cases differ, *Schowachert I* includes additional defendants and additional forms of relief, but otherwise encompasses the same claims, defendant, and relief sought in the instant action.  Therefore, the Court finds that this case should be dismissed because it is duplicative of *Schowachert I*, his earlier filed, currently pending case.

IV.      Order and Recommendation

Based on the foregoing, the Clerk of the Court is HEREBY DIRECTED to randomly assign a district judge to this action.

Furthermore, it is HEREBY RECOMMENDED that this action be dismissed as duplicative.

4

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, as required by 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that the failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **October 5, 2022**                    /s/ *Barbara A. McAuliffe*
                                                 UNITED STATES MAGISTRATE JUDGE